UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| LILLIAN SPENCER | § | |
| | § | |
| Plaintiff | § | |
| VS. | § | CIVIL ACTION NO. C-10-262 |
| | § | |
| THE UNITED STATES OF AMERICA | § | |

## ORDER

On this day came on to be considered Defendant's Motion for Summary Judgment.  (D.E. 23.)  For the reasons stated herein, Defendant's Motion for Summary Judgment is GRANTED.

**I.       Jurisdiction**

This Court has subject matter jurisdiction over this action pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b)(1), as Plaintiff brings this civil action for monetary damages against the United States.

**II.      Factual and Procedural Background**

Plaintiff Lillian Spencer filed this action in this Court on August 3, 2010, and filed an Amended Complaint on September 23, 2010.  (D.E. 1; D.E. 7.)  According to her Amended Complaint, on March 10, 2006 Plaintiff was working for the Nueces County Mental Health and Retardation Department ("MHMR") at Building No. 8 of the Corpus Christi Army Depot at the Naval Air Station in Corpus Christi, Texas.  Part of her job entailed teaching the mentally disabled to perform certain tasks, such as cleaning restrooms.  On the day in question, she was assisting one of her mentally disabled clients when she had difficulty opening an automatic door (referred to as an "ADA door" or "ADHD door") to a men's restroom.  Plaintiff alleges that when she "attempted to open the ADHD door, the door gave way, but then snapped back shut striking the plaintiff on her shoulder.  The door weighed about 200 lbs.  As a result of the door

striking plaintiff's shoulder, the plaintiff suffered serious personal injuries." (D.E. 7 at 3.) Plaintiff states that the building in which the accident occurred is "owned and/or leased by the federal government." (D.E. 7 at 3.)[1]

 Defendant moved for summary judgment on June 15, 2011. (D.E. 23.)  Plaintiff responded on July 5, 2011. (D.E. 28.)

## III.   Discussion

### A.      Summary Judgment Standard

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The substantive law identifies which facts are material.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Ellison v. Software Spectrum, Inc., 85 F.3d 187, 189 (5th Cir. 1996).  A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248; Judwin Props., Inc., v. U.S. Fire Ins. Co., 973 F.2d 432, 435 (5th Cir. 1992).

On summary judgment, "[t]he moving party has the burden of proving there is no genuine issue of material fact and that it is entitled to a judgment as a matter of law." Rivera v. Houston Indep. Sch. Dist., 349 F.3d 244, 246 (5th Cir. 2003); see also Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  If the moving party meets this burden, "the non-moving party must show that summary judgment is inappropriate by setting forth specific facts showing the

---

[1] On April 4, 2011, Intervenor Texas Council Risk Management Fund, as subrogee of Lillian Spencer, filed a motion to intervene in this action pursuant to Federal Rule of Civil Procedure 24(a).  (D.E. 15; D.E. 19.)  Intervenor, a fully-authorized municipal worker's compensation fund, paid to Plaintiff the sum of $40,922.46 to cover Plaintiff's medical bills and injury related expenses.  (D.E. 15 at 2.)  Intervenor adopted the allegations in Plaintiff's First Amended Complaint, and stated that Defendant is responsible for its losses, in the form and amount of its payments to Plaintiff, for the reasons stated in Plaintiff's First Amended Complaint.  (D.E. 15 at 2.)  Intervenor's motion was granted on May 11, 2011.  (D.E. 21.)

existence of a genuine issue concerning every essential component of its case." <u>Rivera</u>, 349 F.3d at 247. The nonmovant's burden "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." <u>Willis v. Roche Biomedical Labs., Inc.</u>, 61 F.3d 313, 315 (5th Cir. 1995); <u>see also</u> <u>Brown v. Houston</u>, 337 F.3d 539, 541 (5th Cir. 2003) (stating that "improbable inferences and unsupported speculation are not sufficient to [avoid] summary judgment"). It is well established that "[t]he moving party need not produce evidence negating the existence of a material fact, but need only point out the absence of evidence supporting the nonmoving party's case." <u>Saunders</u> <u>v. Michelin Tire Corp.</u>, 942 F.2d 299, 301 (5th Cir. 1992).

Summary judgment is not appropriate unless, viewing the evidence in the light most favorable to the non-moving party, no reasonable jury could return a verdict for that party. <u>Rubinstein v. Admrs of the Tulane Educ. Fund</u>, 218 F.3d 392, 399 (5th Cir. 2000).

**B.    Analysis**

**1.    Plaintiff's Status as a Licensee or Invitee**

This is a premises liability tort claim against the federal government;[2] as such, the Court must first determine whether Plaintiff is legally defined as a licensee or invitee. Under the Federal Tort Claims Act, the United States is liable "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant **in accordance with**

---

[2] Plaintiff's Amended Complaint states a general cause of action for negligence, but the Court understands Plaintiff to state a more specific claim for premises liability. Under Texas law, "[p]remises liability is not a cause of action separate from negligence; it merely establishes the particular standard of care that an owner of land must adhere to." <u>Villalobos v. Fiesta Mart, Inc.</u>, 1994 WL 543311, at *1 (Tex. App. - Houston [1 Dist], Oct. 6, 1994). As the Texas Supreme Court has explained, "[p]remises liability is a special form of negligence where the duty owed to the plaintiff depends upon the status of the plaintiff at the time the incident occurred." <u>Western Investments, Inc. v. Urena</u>, 162 S.W.3d 547, 550 (Tex. 2005). Defendant characterizes Plaintiff's action as a premises liability suit, and Plaintiff does not object.

**the law of the place where the act or omission occurred**."  28 U.S.C. § 1346(b) (emphasis added).  Thus, Texas law controls.

Premises liability is a special form of negligence in which the duty owed to the plaintiff depends upon his status as an invitee, licensee, or trespasser on the premises. See Western Invs., Inc. v. Urena, 162 S.W.3d 547, 550 (Tex. 2005).  An invitee is someone who enters the premises "with the owner's knowledge and for the mutual benefit of both."  Rosas v. Buddies Food Store, 518 S.W.2d 534, 536 (Tex. 1975).  A licensee is a person who goes on the premises of another merely by permission, express or implied, and not by any express or implied invitation.  Smith v. Andrews, 832 S.W.2d 395, 397 (Tex. App. – Ft. Worth 1992).

Defendant contends that it owes Plaintiff only the duty owed to a licensee, rather than an invitee, under the Texas Tort Claims Act.  (D.E. 23 at 3.)  The Texas Tort Claims Act, however, does not control Plaintiff's status as an invitee or licensee.  While the Texas Tort Claims Act provides that, "if a claim arises from a premise defect, the governmental unit owes to the claimant only the duty that a private person owes to a licensee on private property, unless the claimant pays for the use of the premises," Tex. Civ. Prac. & Rem. Code § 101.022(a), the term "governmental unit" is limited to state and local governments, not the federal government.  Tex. Civ. Prac. & Rem. Code § 101.001(3).[3]  Moreover, the Federal Tort Claims Act "makes the

---

[3] This section provides:

"Governmental unit" means:
(A)  this state and all the several agencies of government that collectively constitute the government of this state, including other agencies bearing different designations, and all departments, bureaus, boards, commissions, offices, agencies, councils, and courts;
(B)  a political subdivision of this state, including any city, county, school district, junior college district, levee improvement district, drainage district, irrigation district, water improvement district, water control and improvement district, water control and preservation district, freshwater supply district, navigation district, conservation and reclamation district, soil conservation district, communication district, public health district, and river authority;
(C)  an emergency service organization; and

government liable as if it were acting as a **private entity**," not a governmental unit.  28 U.S.C. § 1346(b) (emphasis added).  As such, the Court must focus on Texas law applicable to premises liability claims against private parties, not governmental units.  See Kendrick v. U.S., 854 F. Supp. 453, 457 n.5 (E.D. Tex. 1994) ("The court is aware that under Texas law, a unit of Texas government generally owes an invitee the same duty it owes a licensee. However, the FTCA makes the government liable as if it were acting as a private entity. And the type of maintenance activity involved is not the sort of action where there is no private analogue. Thus, the court will apply the general Texas law of private land occupier premises liability.") (citations omitted); see also Lucas v. U.S., 807 F.2d 414, 417 (5th Cir. 1986) ("The Federal Tort Claims Act assures the federal government of that treatment accorded private parties in Texas.").

Plaintiff explains in her summary judgment response that the Army Depot contracted with MHMR for cleaning services on their property, and Plaintiff's job was to teach her clients how to clean the facilities; as part of this job, she would do some cleaning herself. (D.E. 28 at 2-3; D.E. 28-1 at 1-2.)  Plaintiff contends that she would be classified as an "invitee," since she was an employee of an independent contractor, and was on the premises of Building No. 8 for the mutual benefit of the Army Depot. (D.E. 28 at 4-5.)  Defendant does not provide any additional argument to support its contention that Plaintiff is a licensee, other than its reference to the Texas Tort Claims Act. (D.E. 23 at 3.)

Under Texas law, "[a]n invitee is a person who enters the premises of another in answer to an express or implied invitation from the owner or occupier for their mutual benefit."  Montes

---

> (D) any other institution, agency, or organ of government the status and authority of which are derived from the Constitution of Texas or from laws passed by the legislature under the constitution.

Tex. Civ. Prac. & Rem. Code § 101.001(3).

v. Indian Cliffs Ranch, Inc., 946 S.W.2d 103, 105 (Tex. App. – El Paso, 1997).  It is generally the case that "[t]he employee of an independent contractor is a business invitee." Id. at 107; see also Folks v. Kirby Forest Indust., Inc., 10 F.3d 1173, 1177 n.7 (5th Cir. 1994) ("Texas courts have treated employees of independent contractors as invitees.").  Other courts to confront similar factual circumstances have concluded that employees of an independent contractor working on the client's property should be classified as invitees, rather than licensees.  See Smith v. United States, 727 F. Supp. 2d 533, 541 (E.D. Tex. 2010) ("[Plaintiff] was an invitee at the time of the incident because he entered the [U.S. Postal Service's] premises as an [independent contractor] employee to perform under the Contract [between the independent contractor and the Postal Service].");  Peterson v. RES America Const., Inc., 2011 WL 2582560, at *4 (Tex. App. – Corpus Christi, 2011) ("It is undisputed that Peterson, as an employee of an independent contractor, was an invitee on the Gulf Wind project site.").  The Court therefore concludes that Plaintiff is an invitee, rather than a licensee, and must now determine whether Defendant has breached its duty to Plaintiff as an invitee.

## 2.    Duty Owed to Invitee

As one Texas court explained, "[i]f the plaintiff [is] on the premises as an invitee, it [is] the defendant's duty to exercise ordinary care to keep his premises in a reasonably safe condition, so that the plaintiff would not be injured; on the other hand, if the plaintiff [is] on the premises merely as a licensee, the only duty that the defendant owe[s] him [is] not to injure him willfully, wantonly or through gross negligence."  Labaj v. VanHouten, 322 S.W.3d 416, 421 (Tex. App. – Amarillo 2010) (citing Searcy v. Brown, 607 S.W.2d 937, 941 (Tex. App. – Houston [1st Dist.] 1980)).

When the injured party is an invitee, the essential elements of a premises liability claim are: "(1) actual or constructive knowledge of some condition on the premises by owner or occupier; (2) that the condition posed an unreasonable risk of harm; (3) that the owner or occupier did not exercise reasonable care to reduce or eliminate the unreasonable risk of harm; and (4) that the owner or occupier's failure to use reasonable care to reduce or eliminate the unreasonable risk of harm proximately caused the plaintiff's injury." Zook v. Brookshire Grocery Co., 302 S.W.3d 452, 455 (Tex. App. –Dallas, 2009) (citing CMH Homes, Inc. v. Daenen, 15 S.W.3d 97, 99 (Tex. 2000)). Specifically with respect to duties owed by a premises owner to employees of an independent contractor, the Texas Supreme Court explained that "a landowner is liable to employees of an independent contractor **only for claims arising from a pre-existing defect rather than from the contractor's work, and then only if the pre-existing defect was concealed**: With respect to existing defects, an owner or occupier has a duty to inspect the premises and warn of *concealed* hazards the owner knows or should have known about." General Elec. Co. v. Moritz, 257 S.W.3d 211, 215 (Tex. 2008) (first emphasis added; citations omitted). Consistent with Moritz, one court explained:

> [A] premises owner has a duty to inspect the premises and warn the independent contractor of any concealed dangerous condition that the owner knows or should know exists. It is the independent contractor who has a non-delegable duty to provide its own employees "a safe place to work, safe equipment to work with, and [to] warn them of potential hazards." In addition, the independent contractor "controls the details and methods of its own work, including the labor and equipment employed." Accordingly, a premises owner "expects the contractor to take into account any open and obvious premises defects in deciding how the work should be done, what equipment to use in doing it, and whether its workers need any warnings."

Smith v. United States, 727 F. Supp. 2d 533, 542 (E.D. Tex. 2010) (quoting Moritz).

In this case, the Court finds that Plaintiff has failed to provide evidence to support several elements of her premises liability claim. As an initial matter, the Court notes that Plaintiff has

provided no evidence other than her own affidavit in support of her claim (beyond her medical records, which provide evidence only as to the nature and extent of her injury).  This affidavit provides, in relevant part:

> The [bathroom] door opened about a foot and [a] half.  As I started to walk into the bathroom, the door ricocheted and instantly started to slam back.  I turned to my left to push Jose [the client] out of the way and that was when the door him my right arm and shoulder.
>
> This door was known as 'the heavy door' in the building.  It was wider than the other bathroom doors in the building so that wheel chairs could move through the door.  It was a metal door and it was heavier than the other bathroom doors in the building. Since this was an automatic door, there was an on/off switch for the automatic opening system located at the top of the door.  However, this switch was only accessible from inside the men's ADA bathroom.  On a previous occasion, I noticed that the automatic door opening system was not working.  An employee of the base showed me how to turn the system back on the first time I encountered this problem.  On that day and one other occasion, base employees had turned off the door's automatic opening system prior to the date of the incident.  There were no signs placed near the ADA men's restroom door or in the restroom warning employees not to turn the automatic door opening system off on any of these occasions.  Furthermore, there were no warning signs informing employees that when the automatic opening system was turned off, that the door may slam shut when attempting to manually open the door.  (D.E. 28-1 at 3-4.)

Plaintiff's affidavit thus primarily restates and expands upon the allegations in her Amended Complaint.  It is well established that "a summary assertion made in an affidavit is simply not enough evidence to raise a genuine issue of material fact."  Hibernia  Nat'l Bank v. Carner, 997 F.2d 94, 98 (5th Cir. 1993).  Furthermore, "[c]onclusory statements in an affidavit do not provide facts that will counter summary judgment evidence, and testimony based on conjecture alone is insufficient to raise an issue to defeat summary judgment."  Lechuga v. Southern Pac. Transp. Co., 949 F.2d 790, 798 (5th Cir. 1992); Clark v. Am.'s Favorite Chicken Co., 110 F.3d 295, 297 (5th Cir. 1997) ("Unsupported allegations or affidavit or deposition testimony setting forth ultimate or conclusory facts and conclusions of law are insufficient to defeat a motion for

summary judgment.").  The Court does not believe that Plaintiff's affidavit, standing by itself, is sufficient to defeat summary judgment.[4]

Even if Plaintiff's affidavit was alone sufficient evidence as to certain parts of her premises liability claim, she fails to provide any competent evidence as to several essential elements.  Specifically, there is no evidence that the condition posed an "unreasonable risk of harm."  Under Texas law, "[a] condition presenting an unreasonable risk of harm is defined as one in which there is a sufficient probability of a harmful event occurring that a reasonably prudent person would have foreseen it or some similar event as likely to happen."  Mata v. Energy Absorption Systems, LLC, 2011 WL 1233584, at *7 (Tex. App. - Houston [1 Dist.], Mar. 31, 2011) (citing Seideneck v. Cal Bayreuther Assocs., 451 S.W.2d 752, 754 (Tex. 1970)). There is no "definitive, objective test" to apply to determine whether a condition poses an unreasonable risk of harm.  Seideneck, 451 S.W.2d at 754.  Courts, however, look to a variety of factors to consider whether there is evidence of an unreasonable risk of harm, such as whether others have been injured by the same condition in the past, whether the condition presented any hidden danger, or whether the condition at issue was unusual or out of place.[5]  As the Texas Supreme Court in Seideneck v. Cal Bayreuther Associates explained, "evidence of other [injuries] attributable to the same condition, or evidence of defectiveness of the . . . condition causing the [injury] would be probative, although not conclusive, on the [unreasonable risk of

---

[4] Perhaps recognizing this deficiency, Plaintiff requested "additional time to conduct discovery because plaintiff is unable to respond to defendant's motion for summary judgment."  (D.E. 25 at 1.)  The Court denied this request (D.E. 26), noting that the dispositive motions deadline cannot be extended, even by agreement of the parties.  (See D.E. 10.)  Moreover, Plaintiff had nearly a year to conduct discovery to support her claim.  See, e.g., Saunders, 942 F.2d at 301 (concluding that summary judgment was warranted because the plaintiffs had no evidence to support her claims even though the plaintiffs "had over a year to support their allegations through discovery").

[5] As one court has explained, "[t]he determination of whether a particular condition poses an unreasonable risk of harm is generally fact specific. In general, reasonableness determinations are highly fact intensive and involve issues well suited for a jury."  Wong v. Tenet Hospitals Ltd., 181 S.W.3d 532, 539 (Tex. App. – El Paso, 2005). Nevertheless, a plaintiff must still present sufficient facts to defeat summary judgment and bring the question before the jury.  Morris v. Covan World Wide Moving, Inc., 144 F.3d 377, 380 (5th Cir. 1998).

harm] question."  Seideneck, 451 S.W.2d at 754.  Thus, when considering whether there was

sufficient evidence that a rug posed an unreasonable risk of harm, the court in Seideneck

explained:

> There is no evidence in this record that during the time the rug had been on the
> floor anyone had previously tripped on it. There was neither an allegation nor is
> there evidence that the rug was defective in any manner. There is no evidence that
> this type of rug, with 'regular pile' and a decorative fringe of loose weave and
> tassels, was unusual; or that its particular construction and placement would have
> served as a suggestion or warning to the defendants that it presented the
> prohibited degree of danger, even if they had attempted a formal survey of the
> shop for dangerous conditions.

Id. at 754-55; see also, e.g., Cooper v. Lewis, 2011 WL 346301, at *3 (Tex. App. - Houston [1

Dist.], 2011); Lofton v. Marmaxx Operating Corp., 2008 WL 525678, at *3 (Tex. App. -

Houston [1 Dist.] Feb. 28, 2008) ("Lofton presented no evidence that T.J. Maxx had received

prior complaints or that the floor mat or its location created an unreasonably dangerous

condition. Lofton's affidavit created some evidence that she tripped on the mat in the T.J. Maxx

store, but she offered no evidence that anyone had previously tripped on the mat, that the mat

had any defects, that the type of mat was unusual, or that its particular construction and

placement should have suggested to T.J. Maxx that it presented a prohibitive degree of danger.

Accordingly, there was no evidence that the mat presented an unreasonable risk of harm.")

(citations omitted).

In this case, Plaintiff contends that the "unreasonable risk of harm" element is "evidenced

by the fact that once the plaintiff attempted to open the door to the ADA men's restroom, the

metal door suddenly shut back striking the plaintiff in her right arm and right shoulder."  (D.E.

28 at 6.)   She also states that the door "posed an unreasonable risk of harm to the plaintiff

because the door did not open fully, and instead closed back and struck the plaintiff on her right

shoulder and right arm as she attempted to enter the bathroom."  (D.E. 28 at 7.)   These

arguments, however, simply restate Plaintiff's allegations and do not demonstrate an unreasonable risk of harm; Plaintiff does not, for example, prove how heavy the door is, or how much heavier it is then a normal door, or that the automatic feature was defective, or that the door was in any other manner unusual.  Plaintiff does not state whether others had been injured by this door in the past, and in fact she claims that the automatic function on the door had been disabled previously, but apparently the door had not acted in the same manner.  (D.E. 28-1 at 3.) The mere fact that the door snapped back and hit Plaintiff is not, on its own, sufficient evidence that it posed an unreasonable risk of harm.  A condition is not unreasonably dangerous "simply because it is not foolproof." Brookshire Grocery Co. v. Taylor, 222 S.W.3d 406, 408 (Tex. 2006).  As Plaintiff cannot demonstrate that the door posed "an unreasonable risk of harm," she cannot possibly succeed on her premises liability claim. Zook, 302 S.W.3d at 455.

In addition, Defendant would be liable to Plaintiff (as an employee of an independent contractor) only if the alleged pre-existing defect was concealed.  Moritz, 257 S.W.3d at 215. Plaintiff states that the defect was concealed "in that when plaintiff manually opened the door, she had no way of knowing that the door would ricochet back and strike her."  (D.E. 28 at 9.) Plaintiff was however aware that the automatic function was disabled, thus making the defect "open and obvious." Coastal Marine Service of Texas, Inc., v. Lawrence, 988 S.W.2d 223, 225 (Tex. 1999) (holding that the pinch point area of crane that was not dangerous until crane was put into operation was not the sort of premises defect that was so dangerous in its own right that it gave rise to a premises owner's duty to inspect and warn).  Nevertheless, Plaintiff also states that "[o]n a previous occasion, [she] noticed that the automatic door opening system was not working," and that "[a]n employee of the base showed [her] how to turn the system back on the first time [she] encountered this problem."  (D.E. 28-1 at 3.)  Plaintiff's claim that the defect was

"concealed" merely because the door slammed shut on the occasion in question is insufficient on its own to defeat summary judgment on this issue.

In sum, the Court concludes that Plaintiff has not presented sufficient evidence to defeat Defendant's summary judgment motion on her claim of premises liability.  The Court briefly considers Plaintiff's res ipsa loquitur argument.

### 3.      Res Ipsa Loquitur

Plaintiff argues in the alternative that the doctrine of res ipsa loquitur should apply here. (D.E. 28 at 9-10.)  "Res ipsa loquitur is simply a rule of evidence by which negligence may be inferred by the jury; it is not a separate cause of action from negligence."  Haddock v. Arnspiger, 793 S.W.2d 948, 950 (Tex. 1990).  Res ipsa loquitur only applies when two factors are present: "(1) the character of the accident is such that it would not ordinarily occur in the absence of negligence; and (2) the instrumentality causing the injury is shown to have been under the management and control of the defendant."  Id.  To invoke the res ipsa loquitur doctrine, "the plaintiff must produce evidence from which the jury can conclude, by a preponderance of the evidence, that both factors are present."  Lucas v. Titus County Hosp. District/Titus Memorial Hosp., 964 S.W.2d 144, 155 (Tex. App. – Texarkana, 1998).

There are several difficulties with Plaintiff's attempt to invoke res ipsa loquitur in this instance.  First, Plaintiff has not presented any evidence that the accident would "not ordinarily occur in the absence of negligence," other than her own subjective belief.  (See D.E. 28 at 10 ("The nature of how this accident occurred would not have happened unless there was some negligence on the part of defendant who was in control of the door.  The defendant failed in stopping its employees from tampering with the automatic door opening system and failed to inspect the door to check for any defects.").)  The door may have closed abruptly without any

negligence on the part of Defendant, and Plaintiff's conclusory statement to the contrary does not defeat summary judgment.   Second, even though the door at issue is located on Defendant's property, Plaintiff has not demonstrated that the door was under the management and control of Defendant.   With respect to this second consideration, "[t]he possibility of causes for the accident, outside of the defendant's negligence, does not have to be eliminated, but the likelihood of other causes must be so reduced that the jury can reasonably find that the negligence, if any, was committed by the defendant."   Marathon Oil Co. v. Sterner, 632 S.W.2d 571, 574 (Tex. 1982).   Here, Plaintiff contends that "base employees had turned off the door's automatic opening system prior to the date of the incident."   (D.E. 28-1 at 3.)   At the very least, it is apparent that Plaintiff and her clients also had access to the door in their previous experiences cleaning the area, and it is possible that others may have had access as well.   See Trejo v. Laredo Nat. Bank, 185 S.W.3d 43, 48 (Tex. App. – San Antonio, 2005) (explaining that the doctrine of res ipsa loquitur only applies "where the instrumentalities causing the injury are shown to have been wholly in the care of the defendant and not to have been meddled with by the person injured or third parties").   Plaintiff offers no proof as to who in fact operated the door in such a way to have caused the alleged malfunction.   Texas courts have generally rejected such weak proof in support of a res ipsa loquitur theory.   In Marathon Oil Co. v. Sterner, for example, the Texas Supreme Court concluded that the control element could not be demonstrated because an independent contractor had cleaned the premises at issue before plaintiff's injury had occurred. 632 S.W.2d at 573–74.   Plaintiff's failure to provide any evidence in support of either res ipsa loquitur element prevents her from utilizing this doctrine.

In addition, Plaintiff cannot employ res ipsa to prove that Defendants had knowledge of the condition.   As one Texas court has explained, "the doctrine **does not** permit an inference that

the defendant had actual and constructive knowledge of a condition on the premises." Silas v. St. Luke's Episcopal Properties Corp., 2010 WL 307906, at *2 (Tex. App. - Houston [14 Dist.], Jan. 28, 2010) (emphasis added; citation omitted); see also Aaron v. Magic Johnson Theatres, 2005 WL 2470116, at *5 (Tex. App. - Houston [1 Dist.], Oct. 6, 2005) ("The doctrine does not apply to support a finding of Magic's actual or constructive knowledge of the alleged defects in this premises liability case."); Hickmon v. Delta Airlines, Inc., 1997 WL 538753, at *2 n.5 (N.D. Tex. Aug. 26, 1997) ("Hickmon has not established that Texas would apply res ipsa loquitur to satisfy the element of premises liability law that requires actual or constructive knowledge of a premises defect.").  Plaintiff would still have to prove actual or constructive knowledge through other means, and she is wholly unable to do so here.  The Court therefore concludes that Plaintiff may not defeat summary judgment by utilizing the res ipsa loquitur doctrine.

In sum, the Court concludes that Plaintiff has presented insufficient evidence to defeat Defendant's Motion for Summary Judgment, and it must therefore be granted.

**IV.    Conclusion**

For the reasons stated above, Defendant United States' Motion for Summary Judgment is GRANTED.  (D.E. 23.)  This action is hereby DISMISSED WITH PREJUDICE.

SIGNED and ORDERED this 29th day of July, 2011.

_____
Janis Graham Jack
Senior United States District Judge